I may please the court. My name is Bentley Stromberg. I represent the individual defendants in this case. The first thing I want to do is make clear that this is not an appeal of the denial of the claims of summary judgment for the claims against the county. The district court has ruled that plaintiff can proceed trial on her claim that the county deprived her of a property interest by engaging in an allegedly pretextual reduction in force. The district court has ruled that she can proceed to trial on her claim that she was denied her property interest in being reinstated. This is not an appeal of those issues. This is an appeal of the district court's denial of qualified immunity to the individual defendants. It's an appeal of the denial of the individual defendants motion to dismiss the personal liability claims. We're here talking about the personal liability claims against the individual defendants. Excuse me counsel, perhaps I misunderstood, but I thought that the appeal was exclusively on the qualified immunity issue. Am I mistaken? You're not and if I've misspoken I apologize. That is exclusively the government. So how can this not then be about qualified immunity? I didn't, if I said that I misspoke. It is entirely about qualified. Okay. Which involves personal liability. That's the point I was trying to make. That's an important right. That right's important as all plaintiffs right in this case. The right's so important that the Supreme Court gave individual defendants sued in their individual capacities the right to an interlocutory appeal. So just circling back to where you started and Judge Smith's question, if we were to determine that they are entitled to qualified immunity, what are the remaining claims? The remaining claims are that the county denied the plaintiff a property interest in continued employment by engaging in a pretextual RIF, reduction in force, and that the county denied plaintiff her property interest in being rehired. Is really the remaining defendant. Exactly. If qualified immunity is granted, the claim proceeds only against the county. The personal liability claims are off the table, but the claims against the county proceed. Can claims against the county in this case possibly succeed if there are no claims against the county? Well, under the district court's ruling, yes, I don't agree with everything the district court's ruling, but the district court said that those claims can go to trial and theoretically, depending on the instructions, depending on the evidence, there could be a verdict against the county, in which case the county would have a right to appeal the legal rulings of the district court, which led to that verdict. What is the case that you would cite to us that most clearly satisfies the second prong of qualified immunity here? In other words, to show that this right was clearly established and that each of these individuals should have clearly known when they acted that they were violating a clear constitutional right. My position is that the law was not clear and that they should not have clearly known that they were violating any constitutional right. I'm representing the individual defendants and there are two cases I think that are really applicable here. The first is Crawford L. v. Britain. It's a U.S. Supreme Court case in which the Supreme Court held, and I'm trying to quote precisely, a defense of qualified immunity may not be rebutted by evidence that the defendant's conduct was malicious or otherwise improperly motivated. Evidence concerning the defendant's subjective intent is simply irrelevant to that case here. The plaintiff is trying to say that the defendant's subjective defense, the individual's defendant's subjective intent, was to terminate the plaintiff in retaliation for the bats in the belfry email. And that's where the magistrate judge said it was not willing to go that far. Yes. Yes, the magistrate judge did say that, and I can understand his ruling as to the claims against the county, but under the Crawford case, you've got to take subjective intent completely out of the equation for purposes of a qualified immunity. So you can't consider the alleged subjective intent to engage in a pretextual riff when deciding whether the individual defendants are entitled to qualified immunity. Whether the individual defendants are entitled to qualified immunity is an objective determination based on the undisputed facts which existed at the time of the riff. Those facts. So you believe we should then know clearer established law? Yes, and there's another key point in addition to the Crawford case I've cited, and that's Allen versus City of Beverly Hills. Allen involved an allegedly pretextual riff, just like this case involves an allegedly pretextual riff. The plaintiff in Allen claimed that he was not really riffed. Instead, he was let go because he opposed alleged illegal conduct by the city. And the court in that case said given the broad discretion vested in the city in the context of a riff, he didn't even have a property interest in continued employment. If you look at the employee handbook in this case, the discretion vested in the county officials was at least as broad as the discretion vested in city officials in the Allen case. So the court held, Ninth Circuit held, that there was not a property interest in the context of an allegedly pretextual riff. It certainly cannot be said that the law was clearly established in this case that an allegedly pretextual riff violated a property interest. So if we, because we have an opportunity to potentially rule either in the alternative or to pick either prong of qualified immunity, if we were to determine there was no established law that would lead to the district court to determine whether in fact, vis-a-vis the county, there had been a constitutional violation, correct? Yes. Is there doubt about whether we have jurisdiction for this interlocutory appeal? It looked to me as though the magistrate judge did not really focus on qualified immunity and it's not clear whether he ruled on it. To me, the way I read the opinion, it is clear that he ruled that the individual defendants weren't entitled to qualified immunity on both prongs, on the pretextual riff prong and on the failure to rehire prong. And jurisdiction is limited, of course. You must, in this context, make a legal decision, not a and so you must construe the facts in a light most favorable to the plaintiff. You must assume her version of the facts are true to the extent they're supported by the record. But my point is that even when you follow that standard, even when you assume the facts plaintiff sets forth are true, the defendants are entitled to qualified immunity because the law on the pretextual riff claim was not clear under the Allen case. The law is not clear. You may not like the Allen case. You may try to distinguish or believe it should be distinguished from this case. You may want to overturn the Allen versus Beverly Hills case. But the fact... Because we can't do that anyway. But the fact is the Allen case is out there. Given that the Allen case is out there, a case which involved an allegedly pretextual riff and the court held that there was no property interest, no right to pre or post deprivation process, the law was not clearly established. Do you want to reserve your remaining time? Sure. Thank you. Good morning. The starting point for the analysis of this case is the targeted the plaintiff for termination and they did so by deliberately and in a mean-spirited way tried to make the termination look like a legitimate reduction in force. And this caused significant consequences to the plaintiff. It caused her to lose her government employment benefit. And when you're over 60 years old and you live in Valley County, Idaho, which the population is 10,000 people and the county seat population is 150, there are very few jobs available that provide for a government retirement. And this was one of them and it was the foundation. I empathize with your client, but I'm still looking for an answer to the question. Your opposing counsel has cited Allen, which as he points out is very close on the facts. That's one of our cases. How can you say that the law in this issue was clear enough that each of the defendants who allegedly did what you claim knew for certain that what they were doing was a violation of your defendant's claim? Allen was a 12B6 motion. It was a deficient pled complaint. There was no allegation in Allen that there was a pretext. He just argued, well, there has to be good faith behind any termination. So it doesn't really apply. The two cases that apply are Levine and Long, cited by District Judge Bush and his opinion. And these cases stand for the idea that you cannot subvert employees' right to due process by hiding the termination in a riff. Otherwise, as Judge Bush pointed out in footnote 4 in his opinion, otherwise you swallow up the whole right. Well, let's say you're right. The reality is we have this case law. We've got Allen. We've got Jacobson versus Hannafin. We've got Crawford. That suggests that the opposite is true. If that's the case, even if what you say about these other two cases is correct, it shows there is confusion or at least a disagreement in our case law about the proposition that you are satisfied. Yeah, I don't see where there's really a disagreement if you step back from it. And, I mean, you either agree with Judge Bush or you don't, that if you allow government employees to do this, then no one has a protected property interest. They can always hide it in a foley riff. That may be the ultimate answer, that there could be a constitutional violation, but at this stage it's not one that was clearly established. So, you know, that's sort of the win-the-battle-lose-the-war proposition, but that's what qualified immunity does, doesn't it? Well, I don't know what more to say. I think you need to read Levine, which, you know, is cited by the And it talks specifically, and this is 1990, excuse me, it's a 2008 case, and it talks specifically about the problem that my client faced, and it cites Clements, which is an even older case in 1995. And the qualified immunity analysis in Levine focused on the role of one defendant, and I would concede that the defendant in question in Levine, all he did was defer to another official to ensure that due process was provided. This is a layoff case. Tell me if I have something right here. I found the case a little confusing, I guess partly because the magistrate judge did not discuss qualified immunity as the basis for his decision. If we reverse, I don't understand quite why that means you lose. It looks like you just go back with a case against the municipality for a wrongful termination, and the only difference is that the individuals are not exposed to judgment for money damages for constitutional violation. Do I have that right? I think so. That's what everybody in the case assumes, including the judge and Mr. Stromberg and myself. It seems like you have a really hard row to hoe on the constitutional violation because of the absence of a clear violation of law, and they're just, and when you do have a hard row to hoe because of difficulty showing a clear violation of established law, that means there is qualified immunity, but I don't understand why it matters that much here. Well, it matters. Does the county not have enough money to pay a judgment if it loses? Look, it matters because government officials who do this should be forced to stand up and sell it to a jury. That's number one. Well, you get a chance to do that in the wrongful termination case, saying she had a right to a reinstatement and the county did not really perform its assumed duties under the employment manual and whatever other property or contractual right she has. You can still do that. What I don't see is where there's no clear constitutional violation by the individuals what they're doing in the case. Well, they can be wrong. They can be in violation of their duties under the manual and employment contract, but still not be violating the Constitution. And qualified immunity has its place. I don't understand why it's appropriate for this case because the defendants are still going to have to go through the same burdens of litigation. The reason qualified immunity was established is that it's not a defense. It's an immunity from suit for individuals acting in their individual capacity as opposed to official capacity. This isn't, what's before the court is not just a mistake. It's not an honest mistake. It's not a case where these people should get the benefit of the doubt. For a constitutional violation, if some university official tells an untenured professor you must advocate for this in your classrooms, you may not present teaching on this aspect, and it's within that professor's subject matter, it's legitimate scholarly differences of opinion, that kind of personnel case might come up as a constitutional case, I imagine. Or if some student is disciplined for expressing an opinion that the university administration disagrees with, that might come up. I don't understand what the constitutional claim of this lady is. Well, let me try to explain it. It goes all the way back to Laudermill. If you have a protected interest in your employment, which she clearly did, if they had alleged some cause, sending the BAT email, clearly she would have had a right to a hearing. They didn't want to give her a hearing because they had no basis to terminate her for cause. Instead, it wasn't just a mistake here. This is deliberate. This is a fraud. She was fired for the BATS email, and that's clearly a matter of informing the public on a matter of public concern. Well, yeah, Judge Bush didn't agree that it was a First Amendment, you know, protected speech issue, but that's behind us now. But that's what's going, it's the difference I'm trying to, qualified immunity is designed to protect officials who make a reasonable mistake. This is much more than a reasonable mistake. This is a target, and this is malicious. And for any court to sanction this, I'm having trouble with that idea because you're going to end up exactly where Judge Bush stated in footnote four, you swallow up the whole right to property. Now, this qualified immunity issue comes up late in the day. It comes up in a reply brief on motion for summary judgment. It wasn't seriously pursued. Well, but it's here now. It's here now, okay, but what does that tell you? And if you look at Loudermill and go on all the way down for decades now, employees have a right to due process if they have a cause-based employment relationship. Schroeder did. That was deprived. That was deprived by this conspiracy to hide it all and to avoid due process with this phony and pretextual and sham reduction in force. And I can't imagine a court of appeals sanctioning, you know, this type of conduct under qualified immunity. Thank you for your argument. I In response, I'd just like to emphasize again that qualified immunity is an objective inquiry. Under the Crawford case, the defendant's alleged subjective intent doesn't matter. We look at the facts objectively. So this alleged dire bad motivation that Mr. Lynn is talking about is irrelevant to the analysis. Why shouldn't we ignore qualified immunity because it didn't come up until the reply memorandum and the motion for summary judgment below? Qualified immunity was raised below. Was it raised in the, was it raised by a separate motion? Was it raised by the memorandum-in-chief on the motion for summary judgment? How and when was it raised? There was one motion for summary judgment and honestly, I assumed it and I haven't looked at those raised in the first brief, but if it wasn't raised in the first brief, it was raised in reply brief. You haven't looked, so you can't educate me on that? Not standing right here now. Can I ask you a question, counsel, about the second part of this case and that is the rehire. Correct. Your opposing counsel cites the case of Kluge versus Town of Camden from the First Circuit to the fact that a town employee who was entitled to priority rehiring, which arguably was the case in this situation, was constitutionally entitled to notice when new positions became available. Is that distinguishable and if so, why? It's certainly distinguishable. We have conflicting language in the handbook in this case. We have a may hiring, may have a hiring preference and there's a shall have a preference for one year. We have a conflicting ambiguous employee handbook. We also have a provision which says rehiring shall apply only in the case of workforce rebuilding, which is nowhere defined in the handbook. What is workforce rebuilding? Is it reinstating the same position that was RIFT? Is it adding to the workforce as a whole? Is it hiring people in different departments all together? Is it just filling vacancies? So we have a very ambiguous employee handbook in this case and we have a term, workforce rebuilding, which was not defined anywhere, which is not defined in any precedent. There's no clearly established law that this was, in fact, workforce rebuilding. Bruce Kluge was two years after this case, right? Yes. So it would be hard to be clearly established law. Hardly. But on remand, the district court could determine that that is, in fact, the now established law, correct? Conceivably, yes. And therefore, there would be a constitutional violation under Kluge. Against the county, not the county. Okay. I just argued Schroeder versus Banbury is submitted. Thank you both for coming from Idaho.
judges: Kleinfeld, McKeown, M. Smith